**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REBECCA STELMAN; et al., | No. 23-35135 |
| Plaintiffs-Appellees, | D.C. No. 2:22-cv-01632-RSM |
| v. | |
| AMAZON.COM, INC.; AMAZON LOGISTICS, INC., | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| TEM EXPRESS LOGISTICS LLC, dba TEML dba Temex Logistics; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted October 16, 2023[**]
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: KOH and SUNG, Circuit Judges, and EZRA,*** District Judge.

Amazon.com, Inc. and Amazon Logistics, Inc. (together "Amazon") appeal the district court's decision granting Plaintiffs' motion to remand the case to state court under the Class Action Fairness Act's ("CAFA") mandatory home state exception. *See* 28 U.S.C. § 1332(d)(4). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1. The district court erroneously analyzed Plaintiffs' motion to remand based on the factors pertaining to CAFA's discretionary home state exception, 28 U.S.C. § 1332(d)(3), instead of the mandatory home state exception, 28 U.S.C. § 1332(d)(4)(B). Under the discretionary home state exception, a district court has the discretion to decline jurisdiction if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). On the other hand, under the mandatory home state exception, a district court must decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). In this case, more than two-thirds of the putative class

---

*** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

members are citizens of Washington, where the action was originally filed. Therefore, § 1332(d)(4)(B) supplies the proper framework for the district court's analysis. We reverse and remand for the district court to determine whether this case meets the requirements set forth in §1332(d)(4)(B) for remand under the mandatory home state exception.

2. In determining whether remand was appropriate under CAFA, the district court also erroneously applied an anti-removal presumption. The Supreme Court has explicitly declined to recognize a presumption against removal under CAFA. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA . . . ."). Nevertheless, the district court here cited *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992), a pre-CAFA case, for the proposition that courts "strictly construe the removal statute against removal jurisdiction." The Ninth Circuit has held that a district court citing *Gaus*'s anti-removal presumption in the CAFA context is sufficient to warrant reversal. *See Jauregui v. Roadrunner Transp. Servs., Inc*., 28 F.4th 989, 993 (9th Cir. 2022). Because the district court here cited, and likely adopted, the wrong presumption, we reverse and remand to allow the district court to apply the correct standard.

3. The district court also erred in remanding the case without first determining whether the Delivery Service Providers ("DSPs") were "primary

defendants" under CAFA's mandatory home state exception. *See* 28 U.S.C. § 1332(d)(4)(B). The Ninth Circuit's decision in *Singh v. American Honda Finance Corp*., 925 F.3d 1053, 1068 (9th Cir. 2019), sets out various factors a district court must consider when determining primary-defendant status. When analyzing whether the home state exception applies, a district court must analyze and apply the *Singh* factors to all classes of defendants to determine their primacy. CAFA "'requires remand under the home state exception only if *all* primary defendants are citizens of' the alleged home state. It is insufficient that only some of the primary defendants are citizens of that state." *Id*. (emphasis added) (citation omitted) (citing *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 506 (3d Cir. 2013)). Although the district court here applied the *Singh* factors in determining that Amazon was a primary defendant, the court failed to analyze the DSP defendants for primacy under *Singh*. Because *Singh* makes clear that primacy must be determined for all defendants, we reverse and remand to allow the district court to determine in the first instance whether the DSPs are primary defendants under the mandatory home state exception.[1]

**REVERSED and REMANDED**.

---

[1] The parties suggest that we conduct the primacy analysis as to the DSPs in the first instance, but doing so runs counter to the principles of appellate review. "Usually, an appellate court does not consider legal issues in the first instance but instead has the benefit of the district judge's initial analysis." *Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000).